**J. K. McALPINE LAND & DEVELOPMENT CO., Limited, v. COMMISSIONER OF INTERNAL REVENUE.**

No. 9884.

Circuit Court of Appeals, Ninth Circuit.

Feb. 9, 1942.

Rehearing Denied March 16, 1942.

Arthur C. Fisher, of Los Angeles, Cal., for petitioner.

Samuel O. Clark, Jr. Asst. Atty. Gen., and J. Louis Monarch, Gerald L. Wallace, and Arthur A. Armstrong, Sp. Assts. to the Atty. Gen., for respondent.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Petitioner seeks reversal of a decision of the Board of Tax Appeals[1] which determined that there was a deficiency of $1,073.59 in respect of petitioner's income tax for 1933, and that petitioner was subject to a penalty of $268.39 (25% of $1,073.59) for failure to file its return within the time prescribed by law or by the Commissioner of Internal Revenue in pursuance of law.[2]

In 1933 a Nevada corporation called Bakersfield Memorial Park Incorporated, issued to petitioner, in consideration of advancements by petitioner aggregating $9,594.53 and services rendered by petitioner and others in promoting the corporation, 8,000 shares of stock, of which petitioner in 1933 transferred (1) to the other promoters, as compensation for their services, 1,210 shares and (2) to creditors of petitioner, in satisfaction of debts aggregating $21,198.38, 5,044 shares. As income from these transactions, petitioner reported $7,575.88.

The Commissioner determined, and the Board agreed, that the 8,000 shares had, when issued to petitioner, a fair market value of $3.38 a share—a total of $27,040. Accordingly the Board held that the 6,790 shares remaining to petitioner after transferring 1,210 shares to the other promoters had, when issued to petitioner, a fair market value of $22,950.20. Deducting therefrom the amount ($9,594.53) of petitioner's advances, the Board held that the balance ($13,355.67) was income to petitioner. The Board further held that the 5,044 shares which petitioner transferred to its creditors had, in petitioner's hands, a cost basis of $3.38 a share—a total of $17,048.72 —and that petitioner, therefore, in obtaining satisfaction of debts aggregating $21,198.38 in exchange for said shares, realized a net gain of $4,149.66. Thus the Board held that, instead of $7,575.88, petitioner should have reported as income $17,505.33.

---

[1] 43 B.T.A. 520.

[2] Revenue Act 1932, § 291, 26 U.S.C.A. Int.Rev.Acts, page 566.

Petitioner contends that the 8,000 shares issued to it were void under the provisions of the California Corporate Securities Act [3] and, being void, had no value. The record discloses no basis for this contention. The shares were issued by a Nevada corporation, not by a California corporation. They were issued in Nevada,[4] not in California. In its petition for review petitioner states that the shares were delivered to it in California. The statement has no support in the record. The record does not show where the shares were delivered. Whether or not a California permit was secured does not appear, nor is it material, the record disclosing no necessity for such a permit.

The Commissioner's determination that the 8,000 shares had, when issued to petitioner, a fair market value of $3.38 a share was presumptively correct. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212; Old Mission Portland Cement Co. v. Helvering, 293 U.S. 289, 294, 55 S.Ct. 158, 79 L.Ed. 367; Theatre Investment Co. v. Commissioner, 9 Cir., 119 F.2d 477, 479. The burden of proving it incorrect rested on petitioner. Lucas v. Kansas City Structural Steel Co., 281 U.S. 264, 271, 50 S.Ct. 263, 74 L.Ed. 848; Welch v. Helvering, supra; Helvering v. Taylor, 293 U.S. 507, 512–516, 55 S.Ct. 287, 79 L.Ed. 623; Theatre Investment Co. v. Commissioner, supra. The burden was not sustained. No proof was offered as to the value of the shares. Lacking such proof, the Board accepted, as we do, the Commissioner's valuation.

Petitioner's return for 1933 was admittedly not filed within the time prescribed by law or by the Commissioner in pursuance of law. It was not shown that the failure to file it was due to reasonable cause and not due to wilful neglect. Petitioner, therefore, was properly held subject to the penalty (25% of the tax) prescribed in § 291 of the Revenue Act of 1932.

Decision affirmed.

---

[3] Deering's General Laws of California 1937, Act 3814. Section 3 of the Act, as it existed in 1933, provided that, with specified exceptions: "No company shall sell any security * * * or offer for sale, negotiate for the sale of, or take subscriptions for any security of its own issue until it shall have first applied for and secured from the commissioner a permit authorizing it so to do." Section 16 provided: "Every security issued by any company without a permit of the commissioner authorizing the same then in effect, shall be void * * *."

[4] So stated by petitioner in its petition for review and in its brief.