## HEMPHILL SCHOOLS, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10318.

Circuit Court of Appeals, Ninth Circuit.

Aug. 26, 1943.

---

Thomas R. Dempsey, Wellman P. Thayer, Arthur H. Deibert, and William L. Kumler, all of Los Angeles, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, Helen Goodner, and Carleton Fox, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

Here for review is a decision of the Board of Tax Appeals, now called the Tax Court of the United States, which sustained a determination by respondent, the Commissioner of Internal Revenue, that there was a deficiency of $66,858.86 in respect of petitioner's income tax for its fiscal year ended March 31, 1936. The determination was based on § 102 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev. Acts, page 690, which provides:

"(a) *Imposition of Tax.* There shall be levied, collected, and paid for each taxable year upon the adjusted net income of every corporation (other than a personal holding company as defined in section 351) if such corporation, however created or organized, is formed or availed of for the purpose of preventing the imposition of the surtax upon its shareholders or the shareholders of any other corporation, through the medium of permitting gains and profits to accumulate instead of being divided or distributed, a surtax equal to the sum of the following:

"(1)   25 per centum of the amount of the adjusted net income not in excess of $100,000, plus

"(2)   35 per centum of the amount of the adjusted net income in excess of $100,000.

"(b)   *Prima Facie Evidence.* The fact that any corporation is a mere holding or investment company, or that the gains or profits are permitted to accumulate beyond the reasonable needs of the business, shall be prima facie evidence of a purpose to avoid surtax."

Petitioner is a corporation. It is not a personal holding company. Its adjusted net income for the taxable year—the fiscal year ended March 31, 1936—was $220,889.68. Its income tax, exclusive of surtax, for the taxable year was $30,372.33. It overpaid that amount by $452.53. Respondent (1) determined that petitioner's gains and profits were permitted to accumulate beyond the reasonable needs of its business, hence (2) determined that petitioner was availed of for the purpose of preventing the imposition of the surtax upon its shareholders through the medium of permitting gains and profits to accumulate instead of being divided or distributed, hence (3) determined that petitioner was required by § 102 to pay a surtax of $67,311.39,[1] and hence (4) determined that there was a deficiency of $66,858.86.[2] Petitioner alleged and respondent denied that these determinations were erroneous. After a hearing, at which both parties produced evidence, the Board made its report, including therein its findings and opinion,[3] and entered the decision here under review.

Petitioner says that the Board "erred in failing to find from the evidence that at March 31, 1936, petitioner's known business needs for cash were in excess of the amount which it then possessed." No such finding was required. The issue was not whether petitioner's known business needs for cash exceeded the amount which it possessed on March 31, 1936. The issue was, instead, whether petitioner's gains and profits were permitted to accumulate beyond the reasonable needs of its business.

---

[1] 25% of $100,000 plus 35% of $120,889.68.

[2] $67,311.39 less $452.53.

[3] 26 U.S.C.A. Int.Rev.Code, § 1117.

Petitioner says that the Board "erred in holding that, to provide for its known future business needs, petitioner, at March 31, 1936, should have relied on the potential income contained in some $787,000 due from students[4] on installment tuition contracts." The Board did not so hold. It did, in its opinion, note the undisputed fact that, at the close of the taxable year, $787,000 was payable to petitioner under contracts with students, but it did not hold that petitioner should have relied on that "potential income" to provide for its known future business needs.

■ Petitioner says that the Board "erred in refusing to admit as evidence exhibits offered on behalf of petitioner containing what the books and records showed for the taxable years ended March 31, 1939, March 31, 1940, and March 31, 1941." Petitioner's brief does not, as required by our rules,[5] "quote * * * the full substance of the [rejected exhibits], and refer to the page number in the * * * transcript where the same may be found." No such reference could be made, for the rejected exhibits are not in the transcript. We have no means of knowing what they are, what they contain or what they show or tend to show. We therefore cannot say that their rejection was error. Much less can we say that it prejudiced petitioner.

■ Petitioner says that the Board "erred in failing to find that during the taxable year of its sole stockholder[6] within which petitioner's taxable year in question closed, petitioner did distribute, as taxable dividends, substantially all the cash which was actually available for distribution at the close of petitioner's taxable year." Whether petitioner made such a distribution was not an issue in the case. Hence no finding on that subject was required.

Petitioner says that the Board "erred in holding that the evidence does not overcome [respondent's] determination that petitioner was availed of for the purpose of permitting gains and profits to accumu-late instead of being distributed." What the Board actually held was this:

"Petitioner was availed of * * * for the purpose of preventing the imposition of the surtax upon its shareholders through the medium of permitting gains and profits to accumulate instead of being divided or distributed.

"The determination of the respondent that the provisions of section 102 of the Revenue Act of 1934 are applicable to the net income of petitioner for the taxable year is presumed to be correct and must stand unless overcome by evidence. * * *

"The controlling question is whether petitioner permitted its gains and profits to accumulate beyond the reasonable needs of its business. Such fact is by statute 'prima facie evidence of a purpose to avoid surtax.' Section 102(b).

"The burden was upon petitioner to establish that undistributed accumulated profits were not beyond the reasonable needs of its business. * * *

"The evidence does not overcome the determination of respondent that petitioner was availed of for the purpose of preventing the imposition of surtax upon its shareholders by permitting gains and profits to accumulate beyond the reasonable needs of the business instead of being distributed. Accordingly, we sustain the respondent."

The Board's holding that petitioner was availed of for the purpose of preventing the imposition of the surtax upon its shareholders through the medium of permitting gains and profits to accumulate instead of being divided or distributed appears to have been based on respondent's determination that petitioner's gains and profits were permitted to accumulate beyond the reasonable needs of its business. Whether that determination was correct or incorrect was the principal, if not the sole, issue in the case. The burden of proving it incorrect rested on petitioner.[7] Thus, if no evidence had been produced, the Board would have

---

[4] Petitioner owned and operated a school.

[5] See our Rules 20(d) and 30(3).

[6] Ralph Hemphill was petitioner's sole stockholder. His taxable year was the calendar year.

[7] Lucas v. Kansas City Structural Steel Co., 281 U.S. 264, 271, 50 S.Ct. 263, 74 L.Ed. 848; Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed.

212; Helvering v. Taylor, 293 U.S. 507, 512–516, 55 S.Ct. 287, 79 L.Ed. 623; Theatre Investment Co. v. Commissioner, 9 Cir., 119 F.2d 477, 479; J. K. McAlpine Land & Development Co. v. Commissioner, 9 Cir., 126 F.2d 163, 164; Commissioner v. Warner, 9 Cir., 127 F. 2d 913, 916; San Joaquin Brick Co. v. Commissioner, 9 Cir., 130 F.2d 220, 225.

had to accept the determination; for, until evidence was produced, the determination was presumed to be correct.[8]

█ █ Evidence *was* produced. Some of the evidence produced by petitioner tended to prove that its gains and profits were not permitted to accumulate beyond the reasonable needs of its business. Evidence having been so produced, the presumption ceased, and thenceforth the issue depended "wholly upon the evidence."[9] It thus became the duty of the Board to find from the evidence, and from it alone, whether petitioner's gains and profits were permitted to accumulate beyond the reasonable needs of its business. No such finding was made. Instead, the Board treated the presumption (which no longer existed) as if it were evidence, weighed it against petitioner's evidence and concluded that petitioner's evidence did not "overcome" it.

Decision vacated and case remanded, with directions to (1) find from the evidence, and from it alone, whether petitioner's gains and profits were permitted to accumulate beyond the reasonable needs of its business, such finding to be in addition to those heretofore made, and (2) thereupon enter such decision as may be proper.

STEPHENS, Circuit Judge (concurring).

I think it well, however, to make plain that the ultimate fact in this case is that the corporation was "availed of for the purpose of" avoiding a surtax. The mere accumulation of more than a reasonable fund for the proper conduct of the business is not enough. This fact produces only a prima facie showing of the ultimate fact. I have no doubt as to the correctness of the Commissioner of Internal Revenue's determination in this case that the corporation was availed of to avoid a surtax, and the record reveals ample substantial evidence in support of the Tax Court's conclusions to that effect.

[8] Welch v. Helvering, supra; Old Mission Portland Cement Co. v. Helvering, 293 U.S. 289, 294, 55 S.Ct. 158, 79 L. Ed. 367; Theatre Investment Co. v. Commissioner, supra; J. M. Perry & Co. v. Commissioner, 9 Cir., 120 F.2d 123, 124; J. K. McAlpine Land & Development Co. v. Commissioner, supra; Commissioner v. Warner, supra; San

[9] J. M. Perry & Co. v. Commissioner, supra; San Joaquin Brick Co. v. Commissioner, supra; Helvering v. Talbott's Estate, 4 Cir., 116 F.2d 160, 162. See, also, New York Life Ins. Co. v. Gamer, 303 U.S. 161, 166-172, 58 S.Ct. 500, 82 L.Ed. 726, 114 A.L.R. 1218.