PAUL ROSENTHAL, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 28414.   Promulgated December 27, 1951.

*Henry Epstein, Esq.,* for the petitioner.
*Michael Waris, Jr., Esq.,* for the respondent.

OPINION.

DISNEY, *Judge:* The first question for determination is whether the Commissioner erred in treating as taxable gifts payments made in 1944 to his wife, under a separation agreement, above amounts paid in discharge of his obligation to support her. Both parties rely on E. T. 19 (1946-2 C. B. 166) which, in pertinent substance, states that with respect to transfers made pursuant to legal separation agreements it is the position of the Bureau that for gift tax purposes the release of support rights may constitute a consideration in money or money's worth, and that accordingly to the extent that a transfer does not exceed reasonable value of support rights of a wife it is to be treated as made for such consideration; but that if a portion of a transfer is allocable to the release by the wife of her property or inheritance rights it is not to be considered as made for such consideration. E. T. 19 goes on to provide, in effect, that the establishment of a reasonable allocation is one for administrative determination by the Bureau, in the absence of such reasonable allocation by the parties. The difference between the parties here is whether, as the petitioner argues, all payments made under the agreement of 1944 were made under the obligation to support the wife, or whether and to what extent, if any, they were made because of release of marital rights other than the wife's support. The parties appear to be in agreement that any amounts transferred to the wife other than for support rights were without consideration and taxable as gifts. Though the separation agreement was made a part of a later divorce decree, the petitioner does not contend that, under *Harris* v. *Commissioner*, 340 U. S. 106, (though he relies on the *Harris* case on the issue as to the transfers in 1946) the transfers were effectuated by the decree of divorce and not the agreement, and for that reason were not gifts, this apparently for the reason that the effectiveness of the separation agreement was not made dependent upon the decree but, on the contrary, the agreement left either party free to institute or not institute divorce proceedings. We therefore do not on this issue have the prime question decided in the *Harris* case.

The petitioner's position is, in substance, that the separation agreement was the result of long negotiations between attorneys for petitioner and wife, in which the sole object was to arrive at a fair amount for her support, considering the way and manner of living theretofore followed by the family, so that no part of the amounts involved in the transfers was intended to be or can be allocated to release of other marital rights. The respondent, on the contrary, argues that, as the

separation agreement specifically recites, the transfers were made in order not only to provide for separate maintenance of the wife and the education, care, support, and maintenance of the children, but "to settle, adjust and compromise all their property, questions and rights" and "problems confronting them," and that among the mutual covenants recited to be the consideration for the agreement is the release by each party of all claims, rights of dower or curtesy, and the waiver of right to elect against the will of the other, as well as the release by the wife of "all claims and liabilities for her support." Payments or transfers by the petitioner for the release of such marital rights, the respondent argues, were an integral part of the consideration for the agreement, and under the *Harris* case, and others, do not constitute adequate and full consideration in money or money's worth and are, therefore, taxable gifts under section 1002 of the Internal Revenue Code. He further says that E. T. 19 specifically provides that reasonable allocation between support rights and marital rights is a matter of administrative determination for him, that such allocation has been made, and that the petitioner, also relying and necessarily relying on E. T. 19 because it is the only source of elimination of amounts paid for support rights from taxable gifts, is in no position to contest the allocation made by him.

We have given careful consideration to all of the evidence adduced on the point. The separation agreement specifically provides, on its face, for the settlement of rights other than the support of the wife and, in particular, that all claims and rights of dower or curtesy and to elect against the will of the other party are released. In the face of such language, the burden of the petitioner to show that only release of support rights was in fact the consideration for the transfers, is obviously, in logic, no easy one. After careful analysis of all the evidence adduced, we think it has not been met. It would indeed be strange if the above provisions as to release of dower, curtesy and right to elect against will were inserted in an agreement directed only to the release of the wife's right to support. Moreover, though testimony of attorneys involved in the separation matter stressed the effort during negotiations to arrive at a figure providing for the wife a way of life consonant with that the family had led, we think such evidence by no means is sufficient to overcome the fact that in the final analysis and meeting of the minds, the other provisions as to release of marital rights were incorporated in the agreement. That the husband might have limited his wife's marital rights by change of domicile is not controlling. He had not done so, and such rights did enter into the settlement. In fact, one of the attorneys testified that he thought she, the wife, had to surrender her right to make any claim against the will "in consideration of it," referring to the $600,000 payments. It seems unnecessary to reiterate here the evidence on this point; suffice it

to say that on consideration thereof we conclude and hold that some portion of the payments made should be allocated to release of marital rights other than the right of the wife to support. Therefore, it only remains to determine the extent thereof. The gist of the petitioner's contention appears to be that the manner of living of the family had been so lavish and expensive that the transfers and payments to the wife would no more than afford her continuance of such a way of life. We think the evidence does not justify such conclusion. Mere withdrawals of money by the wife does not demonstrate that they were spent on current living expenses; and previous family expenses included the children, separately provided for in the agreement. Moreover, the agreement provided for the transfer or payment to the wife of various items, only three of which were considered by the Commissioner as allocated to payment for release of marital rights other than support. In other words, the agreement provided that the wife received not only the three items ($600,000 in cash, life insurance policies of commuted value of $36,469.27, and the Hyannis real estate valued at $45,000, the only items upon which the allocation by the Commissioner to marital rights other than support was based), but also the right to certain payments, which produced for her from 1945 to 1948 an average of approximately $21,000 annually, also furnishings of the family apartment, which had cost about $100,000, $10,000 cash for moving, the furnishings of the home at Hyannis, her attorney's fees in the matter of the agreement, an automobile, and insurance policies upon all the furnishings and upon the automobile. It is clear, we think, that all of these matters contributed to the maintenance of the wife's way of life and should be considered in determining the allocation between support rights and other marital rights. All entered into the consideration for the agreement.

As above indicated, the Commissioner allocated on the basis, using commuted values, of the three items. He arrived at $423,417.90 as the amount of taxable gifts, based upon the total value of $681,469.27 for the three items, but it is now stipulated and found that the amount is $393,698.43 instead of $423,417.90. The petitioner urges that, assuming that any amount can be allocated to the marital rights other than support, such an amount is arbitrary and excessive and should not be upheld on any ground of presumptive correctness. He cites *Helvering* v. *Taylor*, 293 U. S. 507. Obviously the determination was not arbitrary. *George G. McMurtry*, 16 T. C. 168 (181). It was based on commuted values, and on only a part of the items passing to the wife. Petitioner also cites *Hemphill Schools* v. *Commissioner*, 137 F. 2d 961, and says that if the Court finds any gift in this case it must make a finding as to the amount thereof on all of the evidence. This we have done, without relying on presumption of correctness. Again, we think we need not detail the evidence considered in arriv-

ing at our conclusion. We do not agree with the respondent if he means to contend that the provisions of E. T. 19 make his allocation such a matter of administrative determination as to be beyond modification here. We must view it in the light of the facts. As above stated, we are convinced that the payments and transfers were, in part, in consideration of marital rights other than support, but under the facts we do not think such other marital rights should be given the value ascribed by the Commissioner. Under all of the evidence, and applying the general doctrine announced in *Cohan* v. *Commissioner*, 39 F. 2d 540, we hold that the value to be ascribed to marital rights other than for the wife's support is $250,000, and to that extent we hold that the transfers to the wife constitute taxable gifts.

The next question before us involves gift tax liability for the year 1946. It arises because in the deficiency notice for that year the Commissioner added $89,695.01 to the amount of reported taxable gifts. The petitioner contends that he erred in paying gift tax on the $630,000 paid by him to his daughters in 1946, and reported, and asks for finding of overpayment.

Petitioner's contention is that there were no taxable gifts in 1946 because the agreement of March 15, 1946, providing for them was (a) made for an adequate and full consideration, and (b) was effective only on the entry of the decree of March 29, 1946, amending the previous decree of court, therefore under *Harris* v. *Commissioner*, *supra*, there was no gift; to which the respondent, in substance, replies that the petitioner properly paid gift tax in 1946 on the $630,000 going to the daughters and that there were in fact additional gifts in 1946, since after the death of petitioner's mother on November 19, 1944, the previous contingent obligation under the agreement of July 26, 1944, became absolute, and the previous agreement was a mere promise to make a payment at a future and unascertainable time, contingent upon the death of petitioner's mother therefore not constituting gift, also, with reference to the petitioner's idea that there were no gifts because the agreement of March 15, 1946, was made dependent upon the decree of court, that the decree in 1946 was merely amendatory and the principle announced in the *Harris* case does not apply.

In our view, there was no such consideration as to eliminate the transfers by the petitioner in 1946 to the daughters from the category of taxable gifts. The petitioner argues that there was "adequate and full" consideration. Though section 1002 of the Internal Revenue Code treats as gifts transfers "for less than an adequate and full consideration in money or money's worth" and provides that if property is transferred for less than such consideration the amount by which the value of the property exceeds the value of consideration shall be deemed gift, petitioner does not suggest that there was some consider-

ation but less than full and adequate. On the contrary, he specifically argues on brief that it would be erroneous to assert that the difference between the value of the rights acquired by the children in 1946, and those then given up, constituted a gift in 1946, and that no taxable gift is involved in 1946. We are therefore not called upon to make any allocation in that regard. In our opinion, it is not shown that the transfers by the petitioner in 1946 were made for adequate and full consideration in money or money's worth. Recently in *Estate of John M. Goetchius*, 17 T. C. 495, we examined this question as to estate tax and noted that the phrase involved here is to receive identical construction for purposes of estate and gift tax under *Merrill* v. *Fahs*, 326 U. S. 308. We held there that under a relinquishment of certain antecedent rights in exchange for annuity contracts in which the decedent was annuitant, the decedent did not receive adequate and full consideration in money or money's worth for his transfer. The situation in principle is not different here. We can not find under the record before us that adequate and full consideration in money or money's worth passed to the petitioner, by virtue of modification of the previous separation agreement and provision for the children made in 1944.

This brings us to the question as to the effect of the provision in the amendatory agreement of March 15, 1946, that it should be effective only if the decree of court was amended. In the *Harris* case, relied on in this respect by petitioner, the transfers involved were to the wife herself and not to children, and the court held that the transfer from husband to wife was not gift because it was not effected by the parties pursuant to "promise or agreement" concerning marital rights in property, but by court decree. Here we have not an original court decree as in that case but one providing, in accord with the agreement of the parties on March 15, 1946, an amendment of a previous decree, with reference to the separation agreement of July 26, 1944. The earlier agreement was not dependent upon any court decree as was the agreement in the *Harris* case and our question is whether there is a difference here. We think there is. Here there is no question (under this issue) whether marital rights passed by promise or agreement, or by decree, but only one involving gifts of a father to children, one of them an adult. The petitioner actually made the gifts in trust, of $312,500, to each of his children in 1946 and in addition gave one of the children $5,000; and this he reported, now contending that he did so erroneously. He had earlier agreed to make gifts to the children, after his mother's death, but only to the extent of $150,000 each. In 1946 he agreed to make and did make a transfer of $625,000 to them in trust. So far as concerns Jill, the child who was in 1946 of age, he seems clearly to have made the transfer voluntarily, without regard for any court decree, because the court decree did not affect her. She was not a party to the action,

and under paragraph 23 of the 1944 separation agreement her consent was necessary for any change in provisions after she became of age—as she had done in 1945. So far as concerns either child, we think the logic of the *Harris* case is not applicable. In this case the court was merely, and in accordance with agreement between the parties, amending a previous decree, which had not effected or affected the original transfers for the benefit of the children. In the *Harris* case the transfers were between the parties to the divorce, with questions as to marital rights. Here merely the children are on this point involved—or one of them who in 1946 was not of full age, and only by way of amendment of an earlier decree which had not been the basis for transfers. Though it is true that it is provided in the agreement in 1946 that it shall become effective only on the decree being amended, in our opinion the children did not acquire their rights by the decree, but by the agreement of 1946 and the transfers made. *Edmund C. Converse,* 5 T. C. 1014, affd. 163 F. 2d 131; *Roland M. Hooker,* 10 T. C. 388, affd. 174 F. 2d 863. We conclude and hold that gift tax in 1946 was not prevented on the grounds of adequacy of consideration or requirement that the agreement depended upon the amendment of the former decree, and therefore that the petitioner did not err in returning and paying gift tax upon the $630,000, and that gift tax is payable thereon and upon the amounts (additional to the $630,000) transferred to the children in 1946.

As above seen, the Commissioner had added $91,195.01 (less $1,500 payments reported) to the petitioner's taxable gifts as reported. The petitioner points out, and the respondent concedes on brief, that to the extent that these figures include the present worth of payments to be made by petitioner to his minor daughter, Sue, during her minority they do not represent taxable gifts, he being under duty to support her. The respondent therefore, on brief, agrees that the figure $89,695.01 may be reduced by $35,756 which is stipulated to be the value, as of March 15, 1946 and March 29, 1946, of $8,000 per annum during Sue's minority. The petitioner, however, points out that the amount provided by the agreement was $10,000 and not $8,000 per annum, and contends that the respondent is in error in his argument on brief that there should be a reduction from $10,000 to $8,000 per annum merely because so long as the $10,000 payments were made for the child the petitioner should pay $2,000 per annum less to his wife. We agree with the petitioner. The reduction was in the wife's payments, not those of the child. We hold that the amount by which the $91,195.01 is to be reduced is the value during Sue's minority, of $10,000 per annum.

It is to be noted that the petitioner does not contend that the alleged gifts involved in the 1946 transactions were made and taxable in 1944

or invoke to that effect *Estate of Ira C. Copley*, 15 T. C. 17, but depends wholly on contentions above discussed that there was, in 1946, adequate and full consideration and that, under *Harris* v. *Commissioner, supra,* the transfers depended upon the amendatory decree of court, therefore were not gifts. The respondent, in the alternative, contends that if gifts were not taxable in 1946, they were taxable in 1944 and asks increased deficiency accordingly for that year. Considering our conclusion above set forth, it is unnecessary to examine such alternative contention.

Reviewed by the Court.

*Decision will be entered under Rule 50.*