## CRUDE OIL CORPORATION OF AMERICA v. COMMISSIONER OF INTERNAL REVENUE.

No. 3440.

Circuit Court of Appeals, Tenth Circuit.

May 3, 1947.

W. C. Franklin, of Tulsa, Okl., for petitioner.

Harry Marselli, Sp. Asst. to Atty. Gen. (Sewall Key, Acting Asst. Atty. Gen., and Lee A. Jackson, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is a petition to review a decision of the Tax Court. It involves a deficiency in declared value excess profits tax for the year 1940.

The Commissioner determined that the petitioner had failed to elect, in a capital

stock tax return filed before the expiration of the statutory filing period (July 31, 1940), to declare a value for its capital stock, under § 1202(e), Internal Revenue Code, as added by § 301 of the Revenue Act of 1939, 26 U.S.C.A.Int.Rev. Code, § 1202(e).

The evidence in behalf of the petitioner established that the requisite return and election were enclosed in an envelope, properly addressed to the Collector's office at Oklahoma City, Oklahoma, with proper postage duly affixed thereto, and deposited in the United States mail at Tulsa, Oklahoma, in time to have been received by the Collector, in the ordinary course of mail, within the statutory filing period. The Commissioner introduced evidence as to the careful method of handling mail received by the Collector's office in Oklahoma City, from which it could have been inferred that the return and election were not received through the mail by the Collector's office. The Tax Court did not find that the return was not filed within the statutory period. It merely held that the presumption of delivery was insufficient to overcome the presumption of correctness of the Commissioner's determination. We think the Tax Court fell into an error of law. The presumption of the correctness of the Commissioner's finding is one of law. It is not an inference of fact. It disappears when evidence, sufficient to sustain a contrary finding, has been introduced.[1]

When mail matter is properly addressed and deposited in the United States mails, with postage duly prepaid thereon, there is a rebuttable presumption of fact that it was received by the addressee in the ordinary course of mail.[2]

The presumption of receipt is a strong one.[3] A finding in opposition to such inference of fact, absent evidence of nonreceipt, is against the weight of the evidence.[4]

Proof of due mailing is prima facie evidence of receipt.[5]

It follows that the proof of regular mailing, in time to reach the Collector, in due course of mail, within the statutory filing period, was sufficient to support a finding that the return was timely filed; that the presumption of correctness attached to the Commissioner's finding vanished; and that the issue was for decision wholly on the evidence.[6]

[1] Hemphill Schools, Inc., v. Commissioner of Internal Revenue, 9 Cir., 137 F.2d 961, 964; Wiget v. Becker, 8 Cir., 84 F.2d 706, 708; Lawrence v. Commissioner of Internal Revenue, 9 Cir., 143 F.2d 456, 459; J. M. Perry & Co. v. Commissioner of Internal Revenue, 9 Cir., 120 F.2d 123, 124; E. Albrecht & Son v. Landy, 8 Cir., 114 F.2d 202, 206; Andrews v. Commissioner of Internal Revenue, 2 Cir., 135 F.2d 314, 319; Cory v. Commissioner of Internal Revenue, 3 Cir., 126 F.2d 689, 694; Manchester Board & Paper Co. v. Commissioner of Internal Revenue, 4 Cir., 89 F.2d 315, 317. Cf. Webre Steib Co. v. Commissioner of Internal Revenue, 324 U.S. 164, 170, 172, 65 S.Ct. 578, 89 L.Ed. 819.

[2] Columbian Nat. Life Ins. Co. v. Rodgers, 10 Cir., 93 F.2d 740, 742; Schutz v. Jordan, 141 U.S. 213, 219, 220, 11 S.Ct. 906, 35 L.Ed. 705; Henderson v. Carbondale Coal & Coke Co., 140 U. S. 25, 37, 11 S.Ct. 691, 35 L.Ed. 332; Rosenthal v. Walker, 111 U.S. 185, 193, 4 S.Ct. 382, 28 L.Ed. 395; Haag v. Commissioner of Internal Revenue, 7 Cir., 59 F.2d 516, 517; General Motors Acceptance Corp. v. American Ins. Co., 5 Cir., 50 F.2d 803, 805; Leahy v. United States, 9 Cir., 15 F.2d 949, 950.

[3] Merchants' & Manufacturers' Ass'n v. First Nat. Bank, 40 Ariz. 531, 14 P.2d 717, 720; Coffey v. Northwestern Hospital Ass'n, 96 Ore. 100, 183 P. 762, 765.

[4] Merchants' & Manufacturers' Ass'n v. First Nat. Bank, 40 Ariz. 531, 14 P.2d 717, 720.

[5] Huntley v. Whittier, 105 Mass. 391, 392, 7 Am.Rep. 536; Keogh v. Peck, 316 Ill. 318, 147 N.E. 266, 267, 38 A.L.R. 1151; Stiegler v. Eureka Life Ins. Co., 146 Md. 629, 127 A. 397, 404; Old Colony R. Co. v. Board of Assessors of Quincy, 305 Mass. 509, 26 N.E.2d 313, 315; Benge's Adm'r v. Garrison, 198 Ky. 447, 248 S.W. 1050, 1051; Sullivan v. Kuykendall, 82 Ky. 483, 485–487, 56 Am. Rep. 901.

[6] Hemphill Schools, Inc., v. Commissioner of Internal Revenue, 9 Cir., 137 F.2d 961, 964; Helvering v. Talbott's Estate, 4 Cir., 116 F.2d 160, 162; New York Life Ins. Co. v. Gamer, 303 U.S. 161, 171, 172, 58 S.Ct. 500, 82 L.Ed. 726, 114 A.L.R. 1218.

The cause is reversed with instructions to the Tax Court to determine the issue of fact and to give no weight to the presumption of correctness of the Commissioner's finding.