Frank E. Poulter and Thelma Poulter, Charles J. Rooney and Dolores J. Rooney v. Commissioner.
Poulter v. Commissioner
Docket Nos. 2189-66, 2190-66.
United States Tax Court
T.C. Memo 1967-220; 1967 Tax Ct. Memo LEXIS 42; 26 T.C.M. (CCH) 1092; T.C.M. (RIA) 67220; November 2, 1967
John R. Foley, 630 Washington Bldg., Washington, D.C., for the petitioners. Robert E. Garfield, for the respondent. KERN Memorandum Findings of Fact and Opinion The respondent determined deficiencies in income tax for the calendar years 1961 and 1962 of petitioners in docket No. 2189-66 of $126,332.45 and $7,514.21 respectively, and in docket No. 2190-66 of $124,689.39 and $7,088.35 respectively. These adjustments made by the respondent reflect the inclusion by him in the income of the petitioners of the distributable share of the income of the Novinger Company, Inc., determined by the respondent to have been in those years an electing small business corporation. The sole issue presented for decision in these two cases consolidated for trial and opinion is whether the Novinger Co., Inc. was a validly electing small business corporation for the taxable years 1961 and 1962. Findings of Fact Most of the facts in this case have been stipulated by the parties and their *44 stipulation, together with attached exhibits, is incorporated herein by this reference. The petitioners in docket No. 2189-66, Frank E. and Thelma Poulter, husband and wife, resided in Chevy Case, Maryland during 1961 and 1962 and filed joint income tax returns for those years with the district director of internal revenue, Baltimore, Maryland. The petitioners in docket No. 2190-66, Charles J. and Dolores J. Rooney, husband and wife, resided in Silver Spring, Maryland, during 1961 and 1962 and filed joint income tax returns for those years with the district director of internal revenue, Baltimore, Maryland. Frank E. Poulter and Charles J. Rooney will be referred to herein as Poulter and Rooney, respectively. Their wives are parties herein solely because they joined in the tax returns of their husbands. Petitioners Poulter and Rooney were the sole and equal shareholders of the Novinger Company, Inc., hereinafter referred to as Novinger, during 1958 through 1962. Novinger, incorporated in 1953 in the State of Delaware, was engaged in the years in question in the plastering and lathing business. Rooney has been the president of Novinger since 1953; Poulter, in addition to *45 serving as secretary and treasurer of Novinger during 1958 through 1962, acted as its field representative during those years. In May of 1958 Harry B. Turner, a Certified Public Accountant, now deceased, was engaged by Novinger to maintain its books of account and prepare its tax returns. On Friday, November 28, 1958, Turner presented to Rooney at the office of Novinger a copy of Internal Revenue Form 2553, Election by Small Business Corporation. This form was signed by Rooney, as president of Novinger, and dated November 28, 1958. On the same day Turner presented both Rooney and Poulter with Shareholder's Statements of Consent to Election Under Section 1372(a), hereinafter referred to as "consents," which were signed by each and dated November 28, 1958. Form 2553 and the two "consents" were returned to Turner on November 28, 1958. The Form 2553 and the consents signed by Poulter and Rooney, all dated November 28, 1958, were filed with the district director of internal revenue, Baltimore, Maryland. There was no date stamp or other evidence on the face of Form 2553 or the consents indicating when they were received by the district director. The custodian of the records for *46 the office of the district director in Baltimore was unable to ascertain the date that Form 2553 and the consents were received in that office from any record kept there. The policy of the district director's office in 1958, as today, was for a date stamp or a time stamp to be placed upon Forms 2553 and related consents upon receipt in that office but "any number of them did slip through without being date-stamped since [these forms were] something new for internal revenue in 1958." [1]
If Form 2553 and the consents reached the office of the district director by mail rather than by hand delivery, the envelope in which they were sent was not found and therefor, the date of the postmark thereon is unknown. A search of the files and records of Novinger by Rooney and an agent of the Internal Revenue Service failed to produce a copy of either a Form 2553 or consents relating to such a form. Similarly, a search of the files and records of Harry B. Turner & Company, Turner's accounting firm, by an agent of the Internal Revenue Service and Turner's son, Roger, who joined his *47 father's firm in 1961, failed to produce any such copies. This latter search also failed to turn up any written communication between Turner and the internal revenue office of Baltimore in respect to a Form 2553 or "consents" relating to Novinger and its shareholders or any memorandum relating to the activities of Turner from Friday, November 28 through Monday, December 1, 1958. Turner prepared the tax returns of Novinger, Poulter and Rooney for the years 1958, 1959, 1960 and 1961. He or an agent of his accounting firm, Harry B. Turner & Company, prepared the returns for Novinger, Poulter and Rooney for the taxable year 1962. In 1961 Turner was joined in his business by his son, Roger, who testified at the hearing of this case. Turner died in 1963. For the year 1958 Novinger filed a federal income tax Form 1120-S, U.S. Small Business Corporation Return of Income. This return was signed by Rooney as president, dated March 2, 1959, and recited the "Date of Election as Small Business Corporation" as "11-28-58," or November 28, 1958. At the time Turner presented the return to him for his signature Rooney understood that Novinger was electing to be taxed as a small business corporation. *48 He had no reason to believe that such election by Novinger was invalid. Novinger's tax return for 1958 reflected a net operating loss of $68,950.85. Poulter and Rooney each deducted $13,725.00 of their share of this amount in computing the taxable income of themselves and their wives for the year 1958 pursuant to the provisions of section 1374, I.R.C. 1954. For the years 1959 through 1962 Novinger filed its income tax return on Form 1120, the form appropriate to a corporation not electing to be treated as a small business corporation. These returns disclosed taxable income or net operating loss (exclusive of any deduction for net operating loss carrybacks or carryovers) for each of those years as follows: Taxable Income
Year
(Net Operating Loss)
1959
($121,779.50)
1960
(48,431.10)
1961
348,433.22
1962
32,133.22
The 1961 income tax return of Novinger reflected a net operating loss deduction of $224,015.28, which was composed of the following net operating loss carryovers: Year
Net Operating Loss
* 1957
$ 12,303.83
** 1958
41,500.85
1959
121,779.50
1960
48,431.10
$224,015.28
*49 An application for tentative carryback adjustment, Form 1139, was filed on March 10, 1964, to apply the 1963 net operating loss of $83,318.13 as a carryback to the taxable income of 1961. The application was allowed by the district director of internal revenue, Baltimore, Maryland. No action was taken at any time subsequent to November 28, 1958, by Novinger or either of its shareholders to terminate or revoke any election to be taxed as a small business corporation that Novinger might have made or attempted to have made. Opinion KERN, Judge: The deficiencies in the cases before us result from respondent's determination that Novinger Company, Inc., was an electing small business corporation during 1961 and therefore the taxable income for that year of the petitioners, the sole stockholders of Novinger, should be increased by their distributable share of its 1961 income even though not actually distributed to them. The following facts are not in dispute: The accountant for Novinger and petitioners who was employed by them to look after their tax matters prepared on Treasury Form 2553 an election of Novinger to be treated for income tax purposes as a small business corporation *50 (pursuant to section 1372, I.R.C. 1954, added to the Code on September 2, 1958, by section 64 of the Technical Amendments Act of 1958) together with the required consents to such election by petitioners as sole stockholders of Novinger all of which were dated November 28, 1958; that this Form 2553 and these consents were taken by the accountant to petitioners on November 28, 1958, for the signature of petitioner Rooney as president of Novinger on Form 2553 and the signatures of both petitioners on the consents; that these documents were properly executed on November 28, 1958, for the purpose of effecting the election provided by section 1372; that immediately after such signing they were given to the accountant for filing; that these documents were filed with the district director of internal revenue at Baltimore, Maryland; that a "U.S. Small Business Corporation Return of Income" for 1958 (Form 1120-S), prepared by the same accountant and signed by petitioner Rooney as president was filed with the same director of internal revenue on behalf of Novinger on March 5, 1959, in which the "Date of Election as Small Business Corporation" was shown at "11-28-58;" that *51 the income tax returns for 1958 of both petitioners, prepared by the same accountant, claimed deductions in considerable amounts on account of the net operating loss of Novinger shown on its return for that year; that no revocation of any election of Novinger to be treated for income tax purposes as a small business corporation, was ever prepared, signed or filed; and that despite the failure to revoke any election, the income tax returns of Novinger for the years 1959, 1960 and 1961 were prepared and filed by the same accountant and for 1962 by the accountant's son, who carried on his accounting work, not on Form 1120-S as a small business corporation but on Form 1120, and the income tax returns of petitioners for 1961 and 1962 also prepared and filed by the same accountant or his son, did not include the distributable profits (or losses) of Novinger for those years. [2] The crucial fact which is in dispute is the date when the election on Treasury Form 2553 and the consents of petitioners were filed with the district director of internal revenue. The parties appear to be in agreement that if the election and consents *52 were filed on or before December 1, 1958, then Novinger was to be treated as a small business corporation during the taxable years and the decisions herein should be for respondent. See section 18.1-1(b)(1), (2), and (3) Temporary Regulations under the Technical Amendments Act of 1958 (approved September 22, 1958), T.D. 6317, 1958-2 C.B. 1096, [3]23 Federal Register 7484 (September 26, 1958), re-issued without material change on December 18, 1959, as section 1.1372.2(b)(2), Income Tax Regs.
*53 Against this factual and evidentiary background, petitioners' argument on brief is stated as follows: (1) in order to be effective, the election of Novinger to be taxed as a small business corporation in 1958 and succeeding years had to be filed with the district director of internal revenue in Baltimore, on or before December 1, 1958; (2) there is no evidence in the record bearing on the date of filing and consequently the respondent has failed to prove that Novinger's election was filed with the district director on or before December 1, 1958; (3) since the record contains no proof that the election was filed on or before December 1, 1958, "there is a conflict between the evidence and the presumption that the Commissioner's determination is correct and the presumption has no effect in this case;" (4) "the negligence of the Baltimore District Director's employees cannot be imputed to the petitioners and produce liability for additional income taxes for the years 1961 and 1962;" and (5) "The Courts have held that when there is no proof that an IRS Form 2553 is filed within the period fixed by TITLE 26, U.S.C. sec. 1372 there is no valid election to be taxed *54 as a small business corporation." With regard to the first three points of petitioners it is our opinion that petitioners have misconceptions as to the party or parties who have the burden of proof in the instant case. The respondent in his determination of deficiencies has determined that Novinger was taxable as a small business corporation. It is axiomatic that the determination of deficiencies in tax made by respondent is presumptively correct and that the burden of proving error in such determination is on the taxpayer. Welch v. Helvering, 290 U.S. 111; Rule 32, Tax Court Rules of Practice.This presumption of correctness relates only to respondent's formal determination of deficiencies in tax and not to matters alleged by respondent in subsequent pleadings or motions as, for example, affirmative allegations in respondent's answers that there were validly executed waivers of statutory limitations or in motions to dismiss petitions on the ground that they were not filed within the statutory period. Accordingly, the cases of Stern Bros. & Co. v. Burnet, 51 F. 2d 1042, Arkansas Motor Coaches v. Commissioner, 198 F. 2d 189 and Central Paper Co. v. Commissioner, 199 F. 2d 902, *55 cited by petitioners are not helpful in considering the question of the burden of proving error in respondent's determination of deficiency. In the instant case petitioners contend that respondent's determination of deficiency was erroneous on the ground that the requisite election of Novinger and consents of petitioners, admittedly executed and admittedly filed, were filed at such time as to render them invalid. On brief petitioners state the crucial factual question in the negative form, i.e., that the fact to be proved is that the election and consents were not filed on or before December 1, 1958, and suggest that since they should not be called upon to prove a negative, the burden of proof should therefore be on respondent. We disagree. Since the question is not whether the documents were ever filed, petitioners are not faced with the problem of proving a true negative. The filing being admitted, the question here is when they were filed, and regardless of how it is stated that question is affirmative rather than negative. The proper proof of the alleged invalidity of the election and consents on the grounds stated and the consequent erroneousness of respondent's determination *56 would consist of evidence that the election and consents were filed on a date subsequent to December 1, 1958. It is our opinion that in view of respondent's determination and the undisputed facts here present, the burden of proving such a fact is on petitioners. There is an obvious dearth of available direct evidence bearing on this question. The accountant who initiated the election, who prepared the pertinent documents for Novinger and petitioners and who was to be responsible for their proper filing died in 1963. No copies of correspondence or other memoranda pertinent to the question were found in the offices of the accountant, Novinger or petitioners. No date stamps showing the time of receipt were placed on the documents by employees in the office of the district director and no envelopes were found in that office from which the fact of mailing of such documents or the time thereof, if they were mailed, could be determined. [4] However, some of the facts established herein, none of which are in dispute, have a relevancy as circumstantial evidence relating to the fact in question. These facts reasonably giving rise to inferences unfavorable to petitioners' contention are as follows: *57 (1) Novinger and its shareholders, the petitioners in this case, believed Novinger to have made a valid election to be treated as a small business corporation in 1958 and it was so treated on both the tax returns of Novinger and those of the petitioners for the year 1958, which were filed in March, 1959, (2) these returns stated that this election had been made on November 28, 1958, (3) the requisite forms were executed and placed in the hands of the Certified Public Accountant at whose behest the election was being made three days before the date when such forms were required to be filed, (4) the forms were received at the office of the district director, who never questioned their validity on the ground of late filing or for any other reason. On the other hand, there is not a scintilla of evidence on the record before us which would indicate that Form 2553 and the consents were postmarked or hand-delivered to the office of the district director after Monday, December 1, 1958. *58 Therefore the case of Crude Oil Corp. v. Commissioner, 161 F. 2d 809, reversing a memorandum opinion of this Court, is not in point. Petitioners cite this case as authority for the third point of their argument, which is to the effect that where "there is a conflict between the evidence and the presumption that the Commissioner's determination is correct * * * the presumption has no [effect.]" In that case the court held that the presumption of correctness "disappears when evidence, sufficient to sustain a contrary finding, has been introduced." Crude Oil, supra, at 810. Since no such evidence has been introduced here, the cited case has no relevancy. Petitioners contend that because "there is no memorandum of receipt by the Baltimore District Director of the Form 2553," "there is no letter of acknowledgment sent to the corporation by the District Director," and "the Form 2553 itself bears no mark indicating the date the District Director received it," "the evidence thus conflicts with the Commissioner's presumption" and "because it conflicts with the evidence the presumption has no effect in this case." This argument, which equates "lack of evidence" *59 with "evidence," is without merit. The fourth point in petitioners' argument is stated by them as follows: "The negligence of the Baltimore District Director's employees cannot be imputed to the petitioners and produce liability for additional income taxes for the years 1961 and 1962." In connection with this argument petitioners cite two cases, Central Paper Co. v. Commissioner, supra, and Arkansas Motor Coaches v. Commissioner, supra.As we have already pointed out those cases had nothing to do with the burden of proof question resulting from the Commissioner's determination of deficiencies. They involved motions to dismiss petitions on the ground of late filing and held that where there was proof of proper mailing in time for delivery by the Post Office Department to this court in the regular course of the mails on or before the last day for filing, the date stamp placed by an employee of this court upon the petitions thus mailed was not enough to rebut the presumption of the receipt of the petitions in due course of the mails. In the instant case there was no evidence that the Form 2553 and the consents were mailed to the director's office by petitioners *60 or their accountant, no evidence as to the due course of the mails, no date stamp on the documents showing the date of filing, either timely or untimely, and no contention by the respondent that they were not timely filed. [5] Petitioners urge us "to apply the foregoing principles [of the two cited cases] and hold that the failure of the Baltimore District Director's employees to time stamp Form 2553 (Ex. 10-J) provides no basis for finding that the said form was received by the Internal Revenue Service on or before December 1, 1958." We have no hesitancy in making such holding but we must also hold that the failure of these employees to time stamp the Form 2553 provides no basis for finding that the said form was received by the Internal Revenue Service subsequent to December 1, 1958. Accordingly, this argument is not helpful to petitioners. In the two cited cases, Central Paper Co., supra, and Arkansas Motor Coaches, supra, the Courts of Appeal indicated their disapproval of the Commissioner's taking advantage of the negligence of government employees in order to thwart the accomplishment *61 of what the taxpayers intended to do and presumptively did, viz., to timely file petitions. In this case it is admitted that Novinger and petitioners intended that documents necessary to accomplish their election by Novinger to be treated as a small business corporation should be filed by Novinger and petitioners. We may properly infer that they intended that the documents should be timely filed. The respondent has not questioned the validity of such election and has in no way sought to take advantage of any negligence of his employees in thwarting the accomplishment of what the taxpayers intended to do by making a contention that the required documents were not timely filed. A literal reading of the fourth point in petitioners' argument indicates that petitioners may be contending that their liability for additional income taxes was produced by the negligence of employees of the district director which the respondent in some way seeks to impute to petitioners. This argument is not developed on brief. In view of the fact that the alleged deficiency in income taxes results from an election and consents voluntarily filed by Novinger and petitioners and by their failure to revoke such *62 election and the fact that the only result of the alleged negligence of the employees in the district director's office which might be adverse to petitioners was a failure to record a date which might, or might not, be helpful in impugning the validity of documents which they intended to be valid when filed, it is impossible for us to discern any possible merit in such an argument. The fifth point in petitioners' argument is stated on brief as follows: "The Courts have held that when there is no proof that an IRS Form 2553 is filed within the period fixed by TITLE 26 U.S.C. sec. 1372 there is no valid election to be taxed as a small business corporation." Petitioners cite as authority for this proposition the following cases: Simons v. United States, 208 F. Supp. 744; William Pestcoe, 40 T.C. 195; Joseph W. Feldman, 47 T.C. 329; and Riley Investment Co. v. Commissioner, 311 U.S. 55. In the Simons case the record showed that the election was filed on December 2, 1958. In the Pestcoe case the record showed that the election was filed on December 27, 1958. In the Feldman case the record showed that the envelope *63 in which the consent was mailed to the district director was postmarked on December 2, 1958. Therefore these cases are in no way authority for the proposition advanced by petitioners but, rather, are authority for the proposition that there is no valid election to be taxed as a small business corporation where there is proof that a Form 2553 was filed at some time after the period prescribed by law. The case of Riley Investment Co. v. Commissioner, supra, which merely holds that an election must "be made in the manner and in the time prescribed by Congress," is equally inappropriate to petitioners' argument. Accordingly, it is apparent that petitioners are in error in the statement made in the fifth point of their argument with regard to what "the Courts have held." In our opinion the validity of the proposition advanced by petitioners in this part of their argument depends entirely on the question of which party has the burden of proof. A correct statement of the proposition would be that there is no valid election to be taxed as a small business corporation when the party having the burden of proving the validity of such election produces no proof that a Form *64 2553 was filed within the period fixed by statute. Since it is our opinion that under the facts and pleadings in the instant case the respondent does not have the burden of proving the validity of the election but to the contrary, petitioners have the burden of proving its invalidity, we consider this point of argument to be unconvincing. Since on the record before us petitioners have failed to prove that the election by Novinger was not timely made, we need not consider the respondent's contention that since Novinger and its shareholders intended the election to be a valid one and so treated it on the corporate and individual tax returns for 1958 they are now estopped to deny such election and "[the] evidence that the election was filed on or before the filing date of December 1, 1958 is not of any consequence to the instant factual situation." Decisions will be entered for the respondent. Footnotes
1. This quotation is from the uncontradicted testimony of an employee in the district director's office.↩
*. Amount not carried back to the years 1955 and 1956. ↩
**. Amount in excess of aggregate amount claimed as deductions by the shareholders in their individual 1958 income tax returns.↩
2. Their returns for 1959 and 1960 are not in evidence.↩
3. Sec. 18.1-1 ELECTION OF CERTAIN SMALL BUSINESS CORPORATIONS. - (b) Manner of making election. - (1) In general. - The election under section 1372(a) should be made by the corporation by filing Form 2553, containing the information required by such form, and by filing, in the manner provided in subparagraph (3) of this paragraph, a statement of the consent of each shareholder of the corporation. If the Form 2553 is not available the election may be made by filing a statement containing the information required by Form 2553. Copies of Form 2553 or a description of the information required by such form will be furnished by district directors upon request. The election shall be signed by the person or persons who are authorized to sign the return required under section 6037 and shall be filed with the district director with whom such return is to be filed. (2) Time of making election. - (i) Except as provided in subdivision (ii) of this subparagraph, the election under section 1372(a) and subparagraph (1) of this paragraph shall be filed for any taxable year either (a) during the first calendar month of such taxable year, or (b) during the calendar month preceding such first calendar month. (ii) For any taxable year of a corporation which begins after December 31, 1957, and before September 3, 1958, and which ends after September 2, 1958, the election under section 1372(a) and subparagraph (1) of this paragraph shall be made on or before December 1, 1958, or on or before the last day of the corporation's taxable year, whichever is earlier. An election for such taxable year may be made, however, only if the corporation has been a small business corporation (as defined in section 1371(a)) on each day after September 2, 1958, and before the day of election. (3) Statement of shareholder consent. - (i) An election under section 1372(a) shall be valid only if all persons who are shareholders of the corporation on the first day of the corporation's taxable year, or on the day of election (whichever is later) consent to such election. Such shareholder consent shall be in the form of a statement signed by the shareholders in which each such shareholder consents to the election of the corporation under section 1372(a). The statement shall set forth the name and address of the corporation and of each shareholder, the number of shares of stock owned by each shareholder, and the date (or dates) on which such stock was acquired. The consents of all shareholders shall be attached to the election of the corporation filed with the district director. If the election is made before the first day of the corporation's taxable year, the consents of persons who become shareholders after the date of election and on or before such first day shall be filed with the district director with whom the election was filed as soon as practicable after such first day. In the case of a consent filed after the date of election, a copy of the consent shall be filed with the return required to be filed under section 6037. In no event will an election under section 1372(a)↩ be valid if the consents are filed after the last day prescribed for making the election.
4. Petitioners have not shown that the respondent has peculiar knowledge or control of the direct evidence bearing on this question. Respondent maintains that the exact date of receipt is not ascertainable from any record of the district director and we have no reason to believe otherwise. For this reason the case of Allstate Finance Corporation v. Zimmerman, 330 F. 2d 740↩, cited by petitioners is not in point.
5. See Weir v. Commissioner, 283 F. 2d 675, 683, 684↩.