Rolly J. SORRENTINO and Joann M. Sorrentino, husband and wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. CIV.A. 01–K–129.

United States District Court, D. Colorado.

Oct. 25, 2001.

Rolly J. Sorrentino, Wheat Ridge, CO, pro se.

Joann M. Sorrentino, Wheat Ridge, CO, pro se.

August A. Imholtz, III, U.S. Dept. of Justice, Washington, DC, for I.R.S. and Jack Cheskaty.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Plaintiffs Rolly and Joann Sorrentino, appearing *pro se*, seek a refund of federal income taxes overpaid during the 1994 tax year in the amount of $8,551.00, plus interest and costs. Defendant United States concedes the Sorrentinos overpaid their 1994 federal income taxes in this amount. It nonetheless disputes their refund claim and seeks summary judgment on the ground that, as a matter of law, the Sorrentinos cannot prove they filed their valid refund claim with the IRS before the April 15, 1998 filing deadline. *See* 26 U.S.C. § 7422(a) (suit for tax refund can only be maintained if the claim for refund was "duly filed" with IRS).

### *Factual Background*

The Sorrentinos claimed the refund at issue in this case in their 1994 joint tax return. The filing deadline for this refund claim was April 15, 1998. The United States does not dispute Mr. Sorrentino's deposition testimony that he placed the original of the 1994 tax return, properly addressed and postage prepaid, in a mail drop at the United States Post Office in Wheat Ridge, Colorado, in early March, 1998, shortly after the March 1, 1998, signature date shown on the return and more than six weeks before the April 15, 1998 filing deadline.[1] Mr. Sorrentino testified

---

1. Mr. Sorrentino testified in his deposition that he did not file the 1994 return earlier because he was waiting for the IRS to respond to his request for an "INPOL report" or transcript of all of his income as recorded by the IRS for the 1994 tax year, which he intended to use to determine whether certain income he had received should be reported in the 1994 or 1995 tax year. The IRS sent him an incomplete report on August, 1995. After being absent from his home on a work project for several years, Mr. Sorrentino submitted a second request to the IRS for a 1994 INPOL report in September, 1997. When he did not receive the requested report, and with the April 15, 1998 deadline approaching, Mr. Sorrentino testified he proceeded to complete

he did not mail the return by certified or registered mail.

Mr. Sorrentino further testified that when he had not received the refund due under the return by September, 1998, he contacted the IRS via its toll-free information line to check on its status. He testified he was told at that time the IRS did not have a record of receiving the return and was directed to send it a copy of the return. Mr. Sorrentino testified he complied with this request. The IRS has not presented any evidence disputing this account.

It is undisputed the IRS received a photocopy of the Sorrentinos' 1994 return, dated March 1, 1998, on October 2, 1998. The IRS has no record of receipt of the original return Mr. Sorrentino testified he mailed in early March, 1998. As a result, the IRS treated the copy of the tax return it received on October 2, 1998 as the Sorrentinos' original return and disallowed the refund it claimed on the ground that the claim was filed after the April 15, 1998 filing deadline.

### *Standard of Review*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, I view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.1999). The United States, as the moving party, has the initial burden of showing the absence of a genuine issue of material fact. *Id.* A genuine issue of material fact exists if a rational juror could decide the disputed allegations in the non-movant's favor based on the evidence presented and the disputed fact might affect the outcome of the suit under the governing law. *See Schwartz v. Brotherhood of Maintenance of Way Employees*, 264 F.3d 1181 (10th Cir.2001).

### *Discussion*

The premise underlying the United States' motion is that, as a matter of law, a refund claim is only "filed" with the IRS: (1) on the date it was physically delivered to the appropriate IRS office, which the United States contends requires proof of such physical delivery; or (2) on the date of mailing, which the United States argues may only be proven by production of the postmarked envelope that transmitted the refund claim or a postmarked receipt for sending the claim via certified or registered mail. Because the Sorrentinos cannot produce physical evidence of delivery, the postmarked envelope or a postmarked certified or registered mail receipt, the United States asserts it is entitled to summary judgment.

The obvious flaw in the United States' argument is its unjustified limitation of the evidence a taxpayer may submit to demonstrate it has filed a document with the IRS. The Tenth Circuit and other courts have long recognized that a taxpayer may rely on the common law mailbox rule to prove that a document was physically delivered to and therefore filed with the IRS. *Crude Oil Corp. of America v. Commissioner*, 161 F.2d 809, 810 (10th Cir.1947); *Anderson v. United States*, 966 F.2d 487, 491 (9th Cir.1992); *Arkansas Motor Coaches v. Commissioner*, 198 F.2d 189, 191 (8th Cir.1952). Under this rule, "[w]hen mail matter is properly addressed and deposited in the United States mails,

---

and mail the 1994 return without the benefit    of the INPOL report.

with postage duly prepaid thereon, there is a rebuttable presumption of fact that it was received by the addressee in the ordinary course of mail.... Proof of due mailing is prima facie evidence of receipt. It follows that the proof of regular mailing, in time to reach the [IRS], in due course of mail, within the statutory filing period, [is] sufficient to support a finding that the return was timely filed." *Crude Oil Corp.,* 161 F.2d at 810. To prove "due mailing" under the rule, the taxpayer may present "'evidence of actual mailing such as an affidavit from the employee who mailed the [return] or present proof of procedures followed in the regular course of operations which give rise to a strong inference that the [return] was properly addressed and mailed.'" *Reading Ventures, Ltd. v. United States,* 987 F.Supp. 1315, 1318 (D.Colo.1997) (quoting *Godfrey v. United States,* 997 F.2d 335, 338 (7th Cir.1993)); *see Anderson,* 966 F.2d at 492 (affirming district court's finding that tax return was delivered to IRS based on, among other things, taxpayer's testimony that she mailed return).

■ The United States argues the common law mailbox rule is not applicable in this and other cases involving documents filed pursuant to federal statute because the Supreme Court rejected the mailbox rule when it held in *United States v. Lombardo,* 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1916), that "file" as used in a federal statute means the documents are delivered to the relevant government agency. *Id.* at 76, 36 S.Ct. 508 (interpreting a filing requirement imposed by a criminal statute). The common law mailbox rule is not even mentioned in this decision, however, and

the Supreme Court itself has dismissed out of hand the notion that it rejected the mailbox rule in *Lombardo.* *See Houston v. Lack,* 487 U.S. 266, 274 n. 2, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Because the common law mailbox rule only provides taxpayers and others with an additional means of proving physical delivery to a government office, it is also consistent with the Court's equation of filing with physical delivery in *Lombardo.*[2] This is demonstrated by the continued application of the rule by the Tenth Circuit and others in cases involving federal filings in the eighty-five years since *Lombardo.* *See, e.g., Carroll v. Commissioner,* 71 F.3d 1228, 1230 (6th Cir.1995); *Anderson,* 966 F.2d at 491–92; *Crude Oil Corp.,* 161 F.2d at 810.

The United States also contends the common law mailbox rule is not available in this and other cases involving documents filed with the IRS because it was supplanted in 1954 by the "statutory mailbox rule" stated in § 7502 of the Internal Revenue Code. 26 U.S.C. § 7502. This statutory rule, which is more properly titled the "postmark rule," deems the date of delivery and hence date of filing to be the date on which a mailed document was postmarked if the document was: (1) properly placed in the U.S. mail; (2) postmarked on or before the filing deadline; and (2) delivered to the IRS after the deadline. *Id.* § 7502(a), (b). The statute further provides that a postmarked receipt for sending the document by registered or certified mail constitutes prima facie evidence that the document was postmarked and delivered. *Id.* § 7502(c).

---

2. The common law mailbox rule articulated by the Tenth Circuit and other courts does *not* stand for the proposition that a document is filed when mailed, but rather that there is a rebuttable presumption of physical delivery and thus filing within the ordinary course of the mail upon proof of mailing. *See Carroll v. Commissioner,* 71 F.3d 1228, 1230 (6th Cir. 1995); *In re Nimz Transportation, Inc.,* 505 F.2d 177, 179 (7th Cir.1974); *Crude Oil Corp.,* 161 F.2d at 810.

There is a split in the circuits regarding what effect, if any, § 7502 has on application of the common law mailbox rule against the IRS. *See Carroll,* 71 F.3d at 1228–1232 (summarizing cases).[3] I am persuaded by the reasoning of the Eighth and Ninth Circuits and a prior decision in this court that § 7502 does not preempt or modify the common law rule that proof that a document was properly mailed to the IRS creates a rebuttable presumption the document was delivered to the IRS and thereby filed in the ordinary course of business. *See Anderson,* 966 F.2d at 490–91; *Wood v. Commissioner,* 909 F.2d 1155, 1158–59 (8th Cir.1990); *Reading Ventures, Ltd. v. United States,* 987 F.Supp. at 1318–19. There is simply no indication Congress intended otherwise when it enacted § 7502.

Applying the common law mailbox rule to this case, the Sorrentinos are entitled to a rebuttable presumption that they timely filed their refund claim for the 1994 tax year upon proof they properly mailed their 1994 tax return in time for it to be delivered to the IRS before the April 15, 1998 deadline. Mr. Sorrentino has testified he properly mailed the 1994 return in early March, 1998, which provided more than ample time for the return to reach the IRS in the ordinary course of the mail before the April 15 deadline. *See Carroll,* 71 F.3d at 1230 (presumption is that "addressee would receive the material after a normal interval—two or three days, *e.g.,* under current Postal Service norms"). Mr. Sorrentino's account of an early March mailing is supported by the March 1 signature date on the photocopied return the IRS acknowledges receiving and by Mr. Sorrentino's testimony that he followed up on the status of the return before the October 2, 1998 filing date asserted by the IRS. This evidence is sufficient for a reasonable juror to find that the Sorrentinos properly mailed their return in time for it to be timely received and filed by the IRS. Accordingly, under the proper legal standard, the Sorrentinos are entitled to a rebuttable presumption that their 1994 tax return was timely filed with the IRS.

The United States did not present any evidence rebutting this factual presumption in connection with its motion for summary judgment. As a result, a rational juror could decide the sole material issue in this action, whether the Sorrentinos timely filed their refund claim, in the Sorrentinos' favor based on the evidence presented.

There really is not a genuine dispute of material fact in this action, where there is sworn testimony on one side countered only by an unacceptable presumption by the United States on the other. There is no basis in law or in fact permitting entry of summary judgment for the United States.

The United States' Motion for Summary Judgment is DENIED.

---

**3.** *See also* Kimberly C. Metzger, *Interpretation of the Section 7502 Timely–Mailing, Timely–Filing Requirements: Carroll v. Commissioner and the Liberal/Conservative Interpretation Dilemma,* U. Tol. L.Rev. 767 (1997); Kenneth H. Ryesky, *Analysis of the Split Authority on Proof of a Postmark Under Internal Revenue Code § 7502,* 21 U. Dayton L.Rev. 379 (1996).