**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

OLOYEA D. WALLIN,

    Plaintiff - Appellant,

v.

SYGMA NETWORK; JON STANLEY;
JESSE STALEY,

    Defendants - Appellees.

No. 20-1013
(D.C. No. 1:18-CV-01097-DDD-SKC)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Oloyea D. Wallin, pro se, appeals the district court's dismissal of his lawsuit

against Sygma Network, Jon Stanley, and Jesse Staley for failure to prosecute under

Fed. R. Civ. P. 41(b).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**BACKGROUND**

Wallin, pro se, brought claims under Title VII of the Civil Rights Act,

42 U.S.C. §§ 2000e–2000e-17, against his former employer, Sygma Network

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

("Sygma"), and two individuals: Jon Stanley and Jesse Staley. Along with his complaint, Wallin filed a motion requesting that the court appoint counsel to represent him. The magistrate judge denied the motion without prejudice, and Wallin did not renew it.

After disputes over, inter alia, service on the individual defendants, discovery, and the timeliness of Wallin's responses to dispositive motions, Sygma moved to dismiss for failure to prosecute under Fed R. Civ. P. 41(b). The magistrate judge recommended the case be dismissed as a sanction against Wallin. Wallin did not file any objections to the magistrate judge's recommendation. The district court accepted the recommendation and dismissed the case with prejudice. Wallin appeals.

**DISCUSSION**

Wallin raises three arguments on appeal: (1) the district court abused its discretion by dismissing his complaint for failure to prosecute, (2) the district court abused its discretion by denying his request for appointed counsel, and (3) the district court abused its discretion by denying his motion to amend his complaint. We conclude the firm waiver rule bars review of the first issue, reject the second argument on the merits, and reject the third argument as moot.

1.    *Dismissal for failure to prosecute*

Before reaching the merits of Wallin's arguments challenging the dismissal of his case for failure to prosecute, we must first address whether Wallin waived appellate review by failing to file objections to the magistrate judge's recommendation. We conclude he did.

2

This court follows the firm waiver rule, under which "the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). The firm waiver rule "does not apply, however, when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (internal quotation marks omitted).

The magistrate judge's November 19, 2019, report and recommendation included bolded language stating:

> NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. . . . A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge and waives appellate review of both factual and legal questions.

R. Vol. 1 at 390. This language adequately informed Wallin of the time period for objecting and the consequences of failing to object. Wallin does not dispute the adequacy of the language, but instead denies receipt of the report and recommendation altogether and therefore argues the firm waiver rule does not apply.

Under Fed. R. Civ. P. 5(b)(2)(C), the court or a party can serve a filing on a person by "mailing it to the person's last known address—in which event service is complete upon mailing." Wallin was responsible to keep the court apprised of his

3

most recent mailing address. *See Theede v. U.S. Dep't of Lab.*, 172 F.3d 1262, 1266-67 (10th Cir. 1999). The court mailed the magistrate judge's recommendation to the address Wallin left on file with the court, a post office box in Denver, Colorado, that Wallin used to receive orders throughout the pendency of the case. Service was complete upon mailing to this address. *See id.* at 1266; *see also Crude Oil Corp. of Am. v. Comm'r*, 161 F.2d 809, 810 (10th Cir. 1947) ("When mail matter is properly addressed and deposited in the United States mails, with postage duly prepaid thereon, there is a rebuttable presumption of fact that it was received by the addressee in the ordinary course of mail."). We therefore reject Wallin's assertion that he was not informed of the time period for objecting to the report and recommendation or the consequences of failing to do so.

We also reject Wallin's arguments that the interests of justice require overlooking the waiver. Factors we consider when applying the "interests of justice" exception to the firm waiver rule include "a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Morales-Fernandez*, 418 F.3d at 1120. Wallin made no effort to object to the magistrate judge's report and recommendation even after he received the district court's order adopting and affirming it. *See Theede*, 172 F.3d at 1268 (concluding "interests of justice militate[d] against" overlooking waiver where litigant "presented no evidence that he attempted to obtain the magistrate's recommendation after learning about it by way of the district court's order adopting the recommendation and dismissing [his] amended complaint"). And, having

4

reviewed Wallin's brief on appeal, in which he argues primarily that the district court abused its discretion by dismissing his complaint as a sanction after his serial failures to comply with court rules and deadlines, we are satisfied the issues raised do not warrant ignoring the firm waiver rule in this case. *See id.* (declining to disregard firm waiver rule where, "after our review of the record and the law, we are convinced that on the merits [litigant's] claims are suspect at best"). Because Wallin did not timely object to the magistrate judge's recommendation that his case be dismissed, he waived appellate review of that determination by this court.

2.    *Denial of motion for appointment of counsel*

Wallin argues the district court erred by denying his motion for appointment of counsel. He further argues that subsequent developments in the case, including his various failures to follow court orders, proved the necessity of professional counsel. "We review the denial of appointment of counsel in a civil case for an abuse of discretion." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel. This contemplates an examination of the state of the record *at the time the request is made*." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (internal citation omitted) (emphasis added). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* at 839.

We discern no abuse of discretion here. At the time Wallin made the request, there was no information in the record for the court to determine whether the

5

allegations in his complaint had sufficient merit to warrant the appointment of counsel. Wallin did not renew the request, so we do not review the court's decision in light of the record *after* the district court denied it. And this was not an extreme case producing such fundamental unfairness as to require us to overturn the district court's decision.

3.      *Denial of Motion for Leave to Amend*

Wallin also argues the district court abused its discretion by denying his motion for an extension of time to file an amended complaint. The magistrate judge entered that order after a status conference on January 8, 2019, at which Wallin failed to appear. In light of our conclusion that Wallin forfeited review of the district court's dismissal of his lawsuit in its entirety, this issue is moot. *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (holding that an issue is moot when "there is nothing for us to remedy").

**CONCLUSION**

We affirm the judgment of the district court. We grant Wallin's motion to proceed in forma pauperis.

Entered for the Court

Joel M. Carson III
Circuit Judge