FILED
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**October 4, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CONRAD J. CZAJKOWSKI,

    Plaintiff - Appellant,

v.

MICHAEL ALLEN; KIMBERLY KARN;
REBECCA BRIGGS,

    Defendants - Appellees.

No. 24-1097
(D.C. No. 1:23-CV-02942-LTB)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.

_____

Conrad J. Czajkowski appeals pro se from the district court's dismissal of his complaint without prejudice for failure to prosecute. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

_____

[*] After examining the appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Where a dismissal without prejudice "finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001).

## I.     Background

Mr. Czajkowski is a pretrial detainee.  On November 6, 2023, he filed a pro se complaint asking the federal district court to intervene in his state-court criminal proceeding.  On November 14 a magistrate judge ordered him to cure deficiencies in his filing.  The order required Mr. Czajkowski to either pay the full filing fee or submit a complete motion and affidavit under 28 U.S.C. § 1915 to proceed without prepayment of the filing fee.  Among other deficiencies, the order stated that he had not submitted "a certified prisoner's trust fund statement for the 6-month period immediately preceding this filing."  Suppl. R., Vol. 1 at 3 (underline omitted).  The magistrate judge gave Mr. Czajkowski 30 days to cure the filing deficiencies and warned that if he failed to do so, "this action will be dismissed without prejudice and without further notice." *Id.* at 6.

On November 17 the district court docketed a § 1915 motion and affidavit received from Mr. Czajkowski, which he had mailed to the court on November 7. That filing did not include an inmate account statement.  On December 7 Mr. Czajkowski mailed a letter to the district court in which he stated he had already sent "a 1915 form" and "a 3 page account statement" to the court.  R. at 13.  He asked for a 30-day extension to re-submit these documents.  Also on December 7, Mr. Czajkowski mailed to the district court a second § 1915 motion and affidavit. Although this filing attached a document purporting to be an inmate account statement, it covered less than two months of the six-month period preceding the

2

filing of his complaint on November 6. The district court docketed Mr. Czajkowski's letter and second incomplete § 1915 motion and affidavit on December 11.

Almost a month later, on January 9, 2024, the magistrate judge entered a minute order noting Mr. Czajkowski's two incomplete § 1915 motions and affidavits. The magistrate judge gave him an additional 30 days to submit "a certified copy of his 'Resident Account Statement' <u>for the six months preceding his filing</u>, that shows payments, deposits, and the balance in his account for that period." R. at 16. The order warned that "[f]ailure to comply will result in dismissal of this action without prejudice and without further notice." *Id.*

Mr. Czajkowski did not submit the required six-month inmate account statement. On February 22, 2024, the district court dismissed his complaint without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute, noting he had not complied with the court's January 9, 2024, and November 14, 2023 orders, and that he had not communicated with the court since his incomplete filings on December 11, 2023. Mr. Czajkowski appeals the dismissal order.

## II.     Discussion

We review for an abuse of discretion a district court's dismissal of a complaint under Rule 41(b) for failure to prosecute. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007). "An abuse of discretion occurs when a district court makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances. This occurs when a district court relies upon an erroneous conclusion of law or upon clearly erroneous findings of fact." *Id.*

3

(citation, brackets, and internal quotation marks omitted). We liberally construe Mr. Czajkowski's pro se filings but we do not act as his advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." This "Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

Mr. Czajkowski argues that he complied with the district court's orders by submitting certified account statements. But the district-court docket shows that he failed to submit an account statement covering the six-month period preceding the filing of his complaint on November 6, 2023—as he was ordered to do in November 2023 and again in January 2024. Mr. Czajkowski offers no basis for us to conclude that the district court abused its discretion in dismissing his complaint without prejudice for failure to prosecute.

We recognize that Mr. Czajkowski claims for the first time on appeal that he never received the January 2024 minute order that gave him an additional extension of time to submit a compliant six-month account statement. He asserts that the jail's mail room "has been known and caught for tampering with my mail both civilian and legal in the past 21 months." Aplt. Br. at 3. In such circumstances, we might choose to remand for further proceedings to avoid an injustice. But the necessary evidence of injustice is absent in this case.

First, the district court's docket indicates that the January order was mailed to Mr. Czajkowski at his last known address, and the docket does not reflect that any mail sent to him was returned to the court as undeliverable. *Cf. Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (considering the absence of returned mail in concluding district court did not abuse its discretion by declining to reopen appeal period). Second, Federal Rule of Civil Procedure 5(b)(2)(C) provides that when service is sent by mail to a party's last known address, "service is complete upon mailing"; thus, the district court properly served Mr. Czajkowski with the January order, *see Theede v. U.S. Dep't of Lab.*, 172 F.3d 1262, 1265 (10th Cir. 1999) (dismissing appeal despite appellant's claim he did not receive a properly served magistrate judge's report and recommendation). Third, there is a strong but rebuttable presumption of receipt when something is duly mailed. *See Crude Oil Corp. v. Comm'r*, 161 F.2d 809, 810 (10th Cir. 1947); *Witt v. Roadway Express*, 136 F.3d 1424, 1429-30 (10th Cir. 1998). Finally, this presumption is not rebutted by an unsworn statement of nonreceipt. *Compare Cropper v. Comm'r*, 826 F.3d 1280, 1285, 1287 (10th Cir. 2016) (holding insufficient a party's "repeated, unsworn statements" of nonreceipt), *with Laborers' Int'l Union of N. Am. v. Nat'l Lab. Rels. Bd.*, 594 F.3d 732, 740 (10th Cir. 2010) (noting a "sworn denial of receipt can create a credibility issue that must be resolved by the trier of fact" (brackets and internal quotation marks omitted)). Thus, Mr. Czajkowski's unsworn assertions in his appeal brief fail to overcome the presumption that he received the January 2024 order.

Moreover, Mr. Czajkowski does not deny receiving the November 14, 2023 order to cure deficiencies, which plainly directed him to file a six-month account statement or risk dismissal without further notice. But in response to that order, he filed only a document purporting to be an account statement that failed to include the entire six-month period preceding the filing of his complaint on November 6. Thereafter, he neither filed a compliant account statement nor otherwise communicated with the district court.

## III.  Conclusion

We affirm the district court's judgment. We grant Mr. Czajkowski's motion to proceed on appeal without prepayment of fees and costs.

Entered for the Court

Per Curiam